E-filing

**FILED**

APR 1 2 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CANUP,<br><br>    Plaintiff,<br><br>  v.<br><br>Chief Medical Officer DR. LEE;<br>Medical Doctor R. KUMER; Medical<br>Doctor BOWMAN; Nurse Practitioner<br>JOHN DOE,<br><br>    Defendants.<br>_____/ | No. C 05-2153 WHA (PR)<br><br>**ORDER OF SERVICE; NOTICE TO ATTORNEY GENERAL** |

Plaintiff, an inmate at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

*A. Standard of Review*

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

1  that the alleged deprivation was committed by a person acting under the color of state law. *West*
2  *v. Atkins*, 487 U.S. 42, 48 (1988).

B. *Legal Claims*

Plaintiff contends that he has been diagnosed with "degenerative bone disease." He was prescribed methadone for a month on February 15, 2005, and says that he was told there would be no problem renewing the prescription in view of the diagnosis. On March 1 Dr. Kumar ordered another month of the medication,[1] but plaintiff did not receive it. On March 15 another doctor ordered methadone, and this time it was provided, starting on March 17. On April 15 he saw defendant nurse practitioner John Doe, who he says did not look up from his book, but wrote down his name and medication and told him that he would be getting his medication. He did not. He asserts that since his medication ran out on April 15, 2005 he has suffered debilitating pain so extreme that he can hardly move.

Plaintiff says that in May of 2005 he fell in the yard. Defendant nurse-practitioner John Doe came, saw him unmoving on the ground, said "oh, it's you," and left. Plaintiff refused to try to move until he saw a doctor. Dr. Bowman came and promised him that he would get his pain medication the next day. He did not get it.

Plaintiff does not allege any contact with defendant Dr. Lee, who evidently is named on a respondeat superior theory, that is, because he is the superior of the defendants who are alleged to have actually violated plaintiff's rights. This theory of recovery is not available in Section 1983 cases. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The claims against Dr. Lee will be dismissed. The claims against the other defendants are sufficient to proceed.

**CONCLUSION**

1. Plaintiff's claims against defendant Dr. Lee are **DISMISSED**. The other claims may proceed. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter and copies of this order upon the

---

[1] This was, of course, not a month from February 15. Plaintiff does not explain the disparity.

2

1  following defendants: Doctor R. Kumer and Doctor Bowman. Plaintiff states that these
2  defendants can be found at : Salinas Valley State Prison. The clerk shall not serve the Attorney
3  General, but shall provide him with a courtesy copy. **The Attorney General is asked to take**
4  **note that plaintiff says he feel suicidal and threatens to hurt himself.**

5       2. In order to expedite the resolution of this case, the court orders as follows:

6       a. No later than sixty days from the date of service, defendants shall file a
7  motion for summary judgment or other dispositive motion. The motion shall be supported by
8  adequate factual documentation and shall conform in all respects to Federal Rule of Civil
9  Procedure 56, and shall include as exhibits all records and incident reports stemming from the
10 events at issue. If defendants are of the opinion that this case cannot be resolved by summary
11 judgment, they shall so inform the court prior to the date their summary judgment motion is due.
12 All papers filed with the court shall be promptly served on the plaintiff.

13      b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the
14 court and served upon defendants no later than thirty days from the date of service of the
15 motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
16 provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
17 and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

18      If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to
19 exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff
20 should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"
21 which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),
22 *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

23      c. If defendants wish to file a reply brief, they shall do so no later than fifteen
24 days after the date of service of the opposition.

25      d. The motion shall be deemed submitted as of the date the reply brief is due.
26 No hearing will be held on the motion unless the court so orders at a later date.

27      3. All communications by the plaintiff with the court must be served on defendants, or
28 defendants' counsel once counsel has been designated, by mailing a true copy of the document

3

1 to defendants or defendants' counsel.

2     4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    5. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April _12_, 2006.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.05\CANUP153.SERVE

4

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING

## (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.